# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEANA L. STONE,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-300**   (JCN: 2019025747)

**CCBCC, INC.,**
**Employer Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Deana L. Stone appeals the June 15, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent CCBCC, Inc., timely filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming: (1) a December 28, 2021, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for bilateral Visco Gel injections; (2) a March 29, 2022, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy and injections; (3) a June 22, 2022, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy; and (4) a September 22, 2022, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for a right knee total arthroplasty.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Relevant to this appeal, Ms. Stone has a history of pain, injury, and treatment regarding her knees. Ms. Stone underwent an x-ray of her knee in 2014 for reasons not apparent from the record. The indication on the x-ray was joint pain. Then, in 2018, Ms. Stone sustained a compensable workplace injury to her knees when she was struck by a forklift. Per the Board's order, that claim was held compensable for a left wrist contusion, left foot, right forearm, contusion of the low back and pelvis, contusion of the right front

---

[1] Ms. Stone is represented by Patrick K. Maroney, Esq. CCBCC is represented by James W. Heslep, Esq.

wall of the thorax, a contusion of the right foot, and a right knee meniscus tear. According to the Board, an MRI of Ms. Stone's right knee was performed and revealed joint effusion with chondromalacia patella, tear of the posterior horn of the medial meniscus, tricompartmental osteoarthritis, and popliteal cyst. Ms. Stone underwent a right knee arthroscopy performed by Stanley Tao, M.D., and her left knee was expected to heal without surgery. Ms. Stone participated in physical therapy, and the treatment diagnoses were tear of the medial meniscus of the right knee, pain in the right knee, and stiffness of the right knee.[2]

Turning to the instant claim, Ms. Stone tripped and fell while working on June 5, 2019. Ms. Stone sought treatment at the emergency room where x-rays revealed no evidence of acute bone or joint abnormality but did show mild osteoarthritis. By order dated June 10, 2019, the claim administrator held the claim compensable for a right knee contusion and a left knee contusion.

On September 30, 2019, Ms. Stone underwent a left knee arthroscopy with partial medial meniscectomy and arthroscopy chondroplasty of the left knee, which was performed by Dr. Tao. The pre- and post-operative diagnosis was medial meniscus tear with chondromalacia. Ms. Stone followed up with Dr. Tao on February 3, 2020, and complained of continued pain and locking in her knees. Dr. Tao diagnosed primary osteoarthritis in both knees; acute medial meniscal injury of the left knee, subsequent encounter; and acute medial meniscal injury of the right knee, subsequent encounter. Dr. Tao indicated that he would request bilateral knee steroid injections. On March 18, 2020, Ms. Stone returned to see Dr. Tao and reported that the steroid injections had not helped her right knee pain and had only somewhat helped her left knee pain. Dr. Tao diagnosed locking of the right knee and chondromalacia patellae, left knee and he ordered an MRI.

Ms. Stone underwent an MRI of her right knee without contrast on April 15, 2020. The MRI revealed a progression of the medial compartment cartilage loss since the previous MRI performed in 2018. The MRI report indicated blunted morphology and diminutive size of the medial meniscus that could be secondary to prior partial meniscectomy and/or degenerative fraying. On April 20, 2020, Ms. Stone returned to see Dr. Tao, who noted that the recently performed MRI revealed a progression of the osteoarthritis in Ms. Stone's right knee, and he diagnosed chondromalacia, right knee. Dr. Tao indicated that he would request authorization for injections.

On July 8, 2020, Ms. Stone underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala opined that Ms. Stone's osteoarthritis in her knees was not compensable and should not be added to the claim. Dr. Mukkamala further noted that there was no indication for the injections requested and that

---

[2] These records were submitted before the Board below but were not included in the appendix record on appeal.

any further treatment would be to address Ms. Stone's non-compensable, degenerative conditions and not due to anything arising from the compensable injury.

On March 2, 2021, Ms. Stone testified that she injured her knees in a prior work-related incident in 2018. Ms. Stone stated that she had pain and weakness in both knees after that but that it had worsened since the 2019 injury. Ms. Stone stated that if she had osteoarthritis prior to the injury, it did not affect her work duties or activities of daily living.

On December 28, 2021, the claim administrator issued an order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for bilateral Visco Gel injections. On March 29, 2022, the claim administrator issued an order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy and injections. Ms. Stone protested both orders to the Board.

Ms. Stone sought treatment from Jarrod Smith, M.D., on April 25, 2022. Dr. Smith diagnosed Ms. Stone with primary osteoarthritis of both knees and ordered physical therapy. Dr. Smith noted, "I feel that her condition is posttraumatic and related to her work injury."

On June 22, 2022, the claim administrator issued an order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy. On September 22, 2022, the claim administrator issued an order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for a right knee total arthroplasty. Ms. Stone protested both orders to the Board.

Ms. Stone testified via deposition on January 31, 2023. Ms. Stone explained that she was carrying cardboard to a dumpster when her foot caught on the metal band of a pallet, causing her to fall directly onto her knees. Ms. Stone stated that she had just had surgery on her right knee about six months prior to the fall, and that the surgery was due to a prior work-related injury where she was struck by a forklift. Ms. Stone stated that Dr. Tao removed the meniscus from her right knee during the surgery. According to Ms. Stone, she had never been diagnosed with arthritis prior to the 2018 work-related injury and had not had treatment for any arthritis-related diagnosis. Ms. Stone testified that after the instant 2019 injury, her knee pain worsened.

By order dated June 15, 2023, the Board affirmed: (1) a December 28, 2021, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for bilateral Visco Gel injections; (2) a March 29, 2022, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy and injections; (3) a June 22, 2022, claim administrator order denying the addition

3

of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for physical therapy; and (4) a September 22, 2022, claim administrator order denying the addition of osteoarthritis of both knees as compensable conditions in the claim and denying authorization for a right knee total arthroplasty.

In considering *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016),[3] *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022),[4] the Board concluded that Ms. Stone's osteoarthritis diagnosis was not attributable to the compensable injury. The Board discussed Ms. Stone's 2018 compensable injury, resulting surgery, and continued symptoms in her knees. The Board noted that following that 2018 injury, Ms. Stone had been diagnosed with osteoarthritis and, per her own testimony, experienced pain and weakness in both knees. The Board further noted that Dr. Mukkamala had opined that Ms. Stone's bilateral knee osteoarthritis was preexisting and should not be added to the claim. The Board concluded that the evidence failed to establish that an aggravation of Ms. Stone's preexisting arthritis resulted in a discrete new injury. As such, the Board found that based on the evidence and the holdings in *Gill* and *Moore*, Ms. Stone's bilateral osteoarthritis of the knees was not causally related to the compensable injury.

---

[3] Syl. Pt. 3 of *Gill* sets forth that,

[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

236 W. Va. at 738, 783 S.E.2d at 858.

[4] In *Moore*, the Supreme Court of Appeals of West Virginia explained that,

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

247 W. Va. at 296, 879 S.E.2d at 781, syl. pt. 5.

Regarding the requested injections, physical therapy, and arthroplasty procedure, the Board found that they were for the condition of bilateral osteoarthritis of the knees and concluded that, because osteoarthritis was not a compensable condition, any related treatment was not medically necessary or reasonably required. Ms. Stone now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Stone argues that the Board erred in denying the addition of bilateral osteoarthritis of the knees to the claim and denying related treatment. According to Ms. Stone, the Board failed to consider the totality of the medical evidence, including the 2014 x-ray of the right knee, which did not show any arthritis. Ms. Stone argues that she developed osteoarthritis following her 2018 compensable injury and claims that the disease was attributable to her injury. She further claims that her osteoarthritis was asymptomatic until the instant, 2019 compensable injury and argues that there is sufficient medical evidence to show a causal relationship between her osteoarthritis diagnosis and the compensable injury. Ms. Stone contends that Dr. Smith opined that her osteoarthritis was attributable to the compensable injury and claims that he, as her treating physician, is in a better position to determine the causality of Ms. Stone's condition. Ms. Stone argues that Dr. Mukkamala's report regarding this issue was "stale" and not as current as Dr. Smith's and Dr. Tao's reports. Given the foregoing, Ms. Stone avers that bilateral osteoarthritis of the knees should have been added to the claim and any related treatment authorized.

We disagree. The standard for an additional compensable condition is the same as for compensability. For an injury to be compensable it must be a personal injury that was

received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). This Court recently held in *Blackhawk Mining LLC v. Argabright*, ___ W. Va. ___, ___ S.E.2d ___, 2023 WL 3167476 (Ct. App. 2023) that a

> preexisting condition itself does not become compensable, only the discrete new injury. *Moore* reaffirmed and expanded on the holding in *Gill* and therefore the holdings in both cases must be considered together. When read in unison, *Gill* and *Moore* do not render preexisting injuries compensable. Compensability is limited only to discrete new injuries and disabilities that manifest following the compensable injury.

2023 WL 3167476, at *3.

Here, the Board found that the evidence established that Ms. Stone's osteoarthritis preexisted the instant 2019 compensable injury. While Ms. Stone argues that the 2014 x-ray of her right knee did not show any evidence of osteoarthritis, she was diagnosed with the condition shortly after her 2018 injury.[5] Dr. Mukkamala also opined that Ms. Stone's osteoarthritis preexisted the 2019 claim. As noted above, per *Argabright*, the "preexisting condition itself does not become compensable, only the discrete new injury." *Id.* Because Ms. Stone's osteoarthritis preexisted the claim, it cannot be held compensable. Moreover, there is no evidence to suggest that there was an aggravation of Ms. Stone's osteoarthritis such that a discrete new injury resulted. Accordingly, we cannot find that the Board erred in determining that Ms. Stone's osteoarthritis in her knees was not causally related to the 2019 compensable injury.

We likewise find that the Board did not err in affirming the claim administrator's various orders denying injections, physical therapy, and an arthroscopy related to the bilateral osteoarthritis diagnosis. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required "[s]ums for health care services, rehabilitation services, durable medical and other goods, and other supplies." Because each of these treatments was based upon Ms. Stone's bilateral osteoarthritis of the knees, which was not compensable, the requests were properly denied as they were neither medically related nor reasonably required. Ms. Stone is entitled to no relief in this regard.

---

[5] To the extent Ms. Stone argues that the osteoarthritis resulted from the prior 2018 compensable injury, we note that she cannot attempt to add the condition to the 2019 claim number and rather, should have sought to add it in the prior claim. We do not suggest that the diagnosis would be held compensable under that claim; we simply note that if Ms. Stone believed that her osteoarthritis resulted from the 2018 injury rather than the 2019 injury, she should have attempted to add it to the 2018 claim.

For the foregoing reasons, we affirm the Board's June 15, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating